NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES SINGH,<br><br>              Plaintiff-Appellant,<br><br>    v.<br><br>WELLS FARGO BANK, NA, individually;<br>BANK OF NEW YORK MELLON CORP.,<br>as Trustee for World Savings Remic 23,<br>Mortgage Passthrough Certificates, Series<br>23,<br><br>              Defendants-Appellees. | No. 13-16077<br><br>D.C. No. 3:12-cv-06566-SI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

James Singh appeals pro se from the district court's judgment in this

diversity action alleging state law claims stemming from defendants' attempted

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

foreclosure on his home.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).  We affirm.

The district court properly dismissed Singh's claim for relief based on an alleged violation of Cal. Civ. Code § 2934a(a)(1)(A) because the documents attached to the complaint and in the public record established a valid substitution of trustee by the present beneficiary under the Deed of Trust.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (court not required to accept as true allegations that contradict exhibits attached to the complaint); *see also* Cal. Civ. Code § 2934a(d) (recorded substitution of trustee constitutes conclusive evidence of the authority of the substituted trustee).

Singh waived any challenge to the district court's conclusion that his remaining claims were preempted by the Home Owners' Loan Act ("HOLA") because he failed to make any argument against preemption on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) ("This court will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." (citation and internal quotation marks

2

omitted)). Because we affirm the dismissal of these claims as preempted by HOLA, we do not address the merits of Singh's arguments as to the underlying claims.

The district court properly granted defendants' motion to expunge the lis pendens because Singh failed to establish the probable validity of his real property claim. *See* Cal. Civ. Code § 405.32 ("[T]he court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim.").

We reject as without merit Singh's contention that the district court should have remanded the case to state court sua sponte, as well as Singh's contentions regarding the parties' consent to proceed before a magistrate and the preclusive effect of the parties' state unlawful detainer action.

Wells Fargo's opposed motion for judicial notice, filed on November 10, 2015, is granted.

Singh's motion for judicial notice, filed on November 25, 2015, is denied as unnecessary.

Singh's motions for an extension of time to file his opening brief, filed on October 2, 2013 and October 15, 2013, are denied as moot.

13-16077

Singh's request for attorney's fees and costs, set forth in his reply brief, is denied.

**AFFIRMED.**